FELICI & Co. *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Ponce.

No. 14.—Decided December 22, 1906.

EXECUTION OF PUBLIC INSTRUMENTS—CERTIFICATE OF NOTARY BEFORE WHOM EXECUTED.—It is not necessary for a notary to certify to each declaration or stipulation contained in the different clauses of a public instrument, it being sufficient for him to state, at the end of the document, that he certifies to the contents of the whole in order that such certification may apply to all of the words, stipulations, declarations, and conditions, real or personel, contained in the instrument.

ID.—CERTIFICATE AS TO ACQUAINTANCE WITH PARTIES EXECUTING SAME.—Where a notary states in a deed that he is personally acquainted with all the parties appearing, and sets forth in the final clause thereof that he certifies to everything contained in said instrument, this last declaration is sufficient as a certification of his acquaintance with the parties executing the instrument, and the provisions of subdivision 3 of article 20 of the Mortgage Law will be deemed to have been complied with thereby.

The facts are stated in the opinion.

*Mr. Rodríguez* for appellant.

MR. JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Gustavo Rodríguez. on behalf of the commercial firm of Felici & Co. from a decision of the Registrar of Property of Ponce, denying the admission to record of a voluntary mortgage deed.

By public deed executed in the town of Juana Díaz before Gustavo Rodríguez, a notary of Ponce, on May 22 last, Pedro Carreras y Robán, with the consent of his wife, María Luisa Padilla y Alberto, constituted upon the estates described therein a voluntary mortgage in favor of the firm of Felici & Co., engaged in trade in Ponce, for the sum of $8,000, payable in instalments, with the interest and under the other conditions stipulated in said deed, the notary stating in the introduction to said deed "that he was personally acquainted with all the parties thereto," and at the end, that "the notary certifies to everything contained in said public deed," and said deed having been presented in the registry of property, the registrar refused to admit to record on the grounds alleged in the decision placed at the end of the deed, which decision reads as follows:

"The record of the foregoing document is refused on account of the defect that the notary does not specifically certify to being acquainted with the parties thereto, which omission is a cause for the annulment of the deed, according to the third paragraph of section 20 of the Notarial Law in force since April 1, last; and in lieu thereof a cautionary notice is entered, effective for four months, at folios 101, 76 and 106, reverse side, of volumes 27 and 40, of the municipality of Juana Díaz, estates 1034, 1074 and 1073, duplicate, record letters A, B and C, Ponce, June 18, 1906.—José Sastraño Belaval."

Attorney Gustavo Rodríguez took an appeal in due time from this decision of the registrar to this Supreme Court, on behalf of the firm of Felici & Co., seeking a reversal of said

decision, and praying for an order to the registrar to record the deed in the registry of property.

Although the Notarial Law in force provides in the third subdivision of section 20 thereof that a deed in which the notary does not certify to his acquaintance with the parties, shall be null and void, as the notary has stated in the introduction to the deed in question that he was personally acquainted with the parties thereto, and then added at the end that he certified to everything contained in said public deed, the provisions of the law appear to have been complied with, especially when section 17 of said law specifically provides that "the notary need not state in each clause of the instrument that he certifies to the stipulations or declarations contained therein, or to the legal conditions or circumstances of the persons or things referred to; it shall be sufficient to state at the end of the document that he certifies to everything contained therein, and said statement shall be understood to apply to every word, stipulation, declaration and condition, real or personal, contained in the instrument, in accordance with the laws."

Therefore, the ground for nullity alleged by the registrar in his decision, does not exist.

In view of the article cited of the Notarial Law in force, the decision of the Registrar of Property of Ponce appearing at the end of the mortgage deed in question is reversed, and it is held that it is recordable in the registry of property, and it is ordered that the registrar record the same in accordance with the law, and that the deed presented be returned to him, with a certified copy of this decision, for compliance therewith and for other proper purposes.

*Reversed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.